## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **ADRIAN MCFADDEN,** | * | **CASE NO. 1:15-CR-00622-GLR** |
| | * | |
| **Defendant** | * | |
| | * | |

**\*\*\*\*\*\*\***

## OPPOSITION TO MOTION FOR RELEASE ORDER

The United States opposes Defendant Adrian McFadden's motion for a release order.

On January 30, 2025, Defendant was released on Home Confinement with Jasmine Hubbard as his third-party custodian. ECF 82.

According to Officer Galloway, Defendant immediately abused his authorization to attend prayer services with 24 hours. *See* Kathleen Galloway, U.S. Probation, Notice of Apparent Violation and Request for Bail Review, 15-CR-622-GLR (Feb. 3, 2025). Specifically:

> Mr. McFadden requested permission to leave the residence for Jummah Prayer Service on January 31, 2025 from 1-4pm located at 1125 Appleton Street. He was authorized to be out of the residence from 12:30pm to 4:30pm. Mr. McFadden left his residence at 1:17PM for his requested 1PM prayer service. His GPS points show that he arrived at 1125 Appleton Street, but only stayed for approximately 2 minutes. . . . On February 3, 2025, Mr. McFadden admitted to this Officer that he showed up late to Jummah, and left, but returned home prior to his return time. Mr. McFadden was reprimanded for violating the terms of his release conditions and was advised that he was only permitted out for his prayer service, and if it wasn't available, he should have immediately returned home. He violated the trust of the Court within 24 hours of his release to home confinement by requesting release for religious services, then not attend and frequent several unauthorized locations. He is not a suitable candidate for home confinement and should be returned to the custody of the U.S. Marshal Service.

*Id.*

Additionally, Defendant's third-party custodian began immediately contacting Officer Galloway within 24 hours of his release. *Id.* While Officer Galloway did not speak with Ms.

Hubbard on January 31, 2025, Ms. Hubbard's subsequent text message to Officer Galloway on February 2, 2025 indicated that Ms. Hubbard did not believe she could continue to serve as Defendant's third-party custodian. *Id.*

Most concerningly, at Defendant's Bail Review Hearing on February 5, 2025, Defendant absconded before the hearing began, necessitating this Court to issue an arrest warrant. *See* ECF 83-85. It is our understanding that the U.S. Marshal Service had to arrest him to return him to custody.

While the Government sympathizes with Defendant's desire to attend his brother's funeral, given his prior abuse of his home-confinement conditions, and his recent absconsion from a judicial proceeding, the Government submits that Defendant is a flight risk and should not be released from custody.

The undersigned sought input from the U.S. Marshals Service about whether Defendant would be able to attend the funeral without release from custody, and was informed that this is not possible.

The Government proposed a hearing date and time to counsel for Defendant, but the undersigned has not yet received a response. The Government will separately email Chambers with a mutually-agreed date and time for this hearing.

**WHEREFORE**, the Government requests that the Court deny Defendant's motion for a release order.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Jared M. Beim
Assistant United States Attorney
