**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. 1:15-cr-00622-GLR** |
| **ADRIAN MCFADDEN,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\***

**<u>MOTION TO REVIEW RELEASE ORDER AND</u>
<u>MOTION TO EXTEND STAY OF RELEASE ORDER PENDING REVIEW</u>**

The United States of America, by and through its undersigned counsel, respectfully requests: (1) a hearing before United States District Court Chief Judge George L. Russell, III, pursuant to 18 U.S.C. § 3145(a), to revoke the release Order issued in this case on July 7, 2026, by United States Magistrate Judge Douglas R. Miller; and (2) an order extending the stay of the release Order that was issued in this case on July 7, 2026. In support, the government further contends:

1.      On March 25, 2026, the Probation Office filed a petition on supervised release providing that defendant Adrian McFadden violated his terms of supervised release by committing a new criminal offense and failing to comply, in several ways, with his mental health and drug treatment program. The state case of domestic violence was recently dismissed when the victim refused to speak with law enforcement.

2.      On July 26, 2026, Judge Miller held a detention hearing where he entered an order of detention, focusing primarily on a prior flight incident in which McFadden cut off a GPS ankle monitor and was in the wind for a month. ECF 114. His detention order indicated, by further explanation, that "if an inpatient program meeting Mr. McFadden's treatment needs can be identified that satisfies U.S. Probation's concerns regarding (1) accounting for Mr. McFadden's

whereabouts and (2) appropriate communication with the Probation Officer, the Court would likely find that the availability of that program, together with Mr. McFadden's having undergone a significant psychiatric evaluation and made commitments to engage with treatment, would meet the threshold for release under 18 U.S.C. § 3143(a)." *Id.* at 2.

3.    In light of that encouragement, and Judge Miller's instruction to probation and McFadden to find a more suitable mental health facility, McFadden asked for a hearing to reopen detention. ECF 117. The government opposed that request, in part due to McFadden record of flight and in part due to the lack of statutory authority for such a request. ECF 116.[1]

4.    Following the filing of submissions by the parties and a reopening-of-detention hearing on July 7, 2026, Judge Miller ordered McFadden's release from detention. ECF 121. Judge Miller further stayed this release order to allow the government the opportunity to seek review. *Id.* at 4. Judge Miller granted that stay until 11:30a.m. on July 8, 2026. *Id.*

5.    Title 18, U.S.C. § 3145(a)(1) provides that, if a magistrate judge orders a defendant released, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." On the government's motion to review a release order, the court of original jurisdiction considers the release *de novo*. *United States v. Clark*, 865 F.2d 1433, 1436–38 (4th Cir. 1989); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

6.    In consideration of the government's pending motion for review and revocation of the release order, the United States requests that the Court extend the stay of the July 7, 2026,

---

[1] The government's motion appears first on the docket because McFadden initially sought to reopen detention through email communications with Judge Erin Aslan's chambers.

release Order until further order by this Court, including whatever briefing and hearing schedules the Court may set.

7.      A continued stay of the release order is appropriate in this case. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). A court considers four factors in determining whether to stay an appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

8.      Consideration of the factors justifies a stay in this case. With respect to the first prong, the government has proffered factual evidence demonstrating that the defendant poses a serious risk of flight by virtue of his two egregious examples of flight. In one instance, he violated the conditions of release within 24 hours by going to three unauthorized locations rather than his requested religious service.[2]  In another incident, McFadden fled the District Court building before a bail hearing, *cut off his ankle monitor, and was in the wind for a month*:

> On February 5, 2025, Mr. McFadden's GPS unit indicated that he was present at the United States District Courthouse in Baltimore at 9:06AM. … Mr. McFadden failed to appear in Court for his Bail Review hearing. He cut off his anklet at 9:27 and has absconded from supervision. … [T]his Officer received a call from Mr. McFadden's mother who advised that his attorney told him he was going to jail and he had a panic attack and left the Courthouse. . . . His current whereabouts are unknown.

(ECF 85 at 3). The probation officer stated at the first detention hearing that cutting off a GPS

---

[2] This incident is reflected is ECF 93 (quoting Kathleen Galloway, U.S. Probation, Notice of Apparent Violation and Request for Bail Review, 15-CR-622-GLR (Feb. 3, 2025)).

ankle monitor has happened in less than 1% of her cases supervising hundreds of individuals. These events led a member of the bench, Magistrate Judge Erin Aslan, to reject another release request without a hearing in light of McFadden's record:

> PAPERLESS ORDER denying 91 Emergency Motion for Release from Custody as to Adrian McFadden (1). A review of the record of Mr. McFadden's compliance after the Court entered 82 Order Setting Conditions of Release, the pending motion, and 93 Response in Opposition *leads the Court to conclude that Mr. McFadden presents too great of a flight risk to be released from custody to attend his brother's funeral*. No hearing is necessary. Local Rules 105.6 and 207.1 (D. Md. 2023). Signed by Magistrate Judge Erin Aslan on 5/21/2025.

(ECF 94 (emphasis added)). This factor militates heavily in favor of continuing the stay.

9.      With respect to the second prong, the government would be irreparably injured by the absence of a stay. In this case, McFadden not only cut off the ankle monitor, he also succeeded in absconding for over a month. If McFadden flees and succeeds in absconding again, he could thwart the government's ability to secure the defendant's presence for a future hearing on the requested appeal and the violations hearing. The probation officer's description of the new facility proposed exacerbates the concern, as she described that it is not a locked facility and she has had supervisees walk away from it previously.

10.     With respect to the third prong, though there would be some prejudice to McFadden (because there is no way to completely mitigate prejudice from detention), he has seemingly disclaimed any such argument by requesting a hearing with Judge Miller a week after a scheduled hearing with Judge Erin Aslan.[3] Particularly where the government's stay request would only apply until this Court can review the release Order, and balanced against the other factors, any

---

[3] July 1, 2026 Email from J. Aslan's Chambers ("Judge Aslan would like to know whether this issue is time sensitive (i.e., how long is the placement or bed being held). *If it is not urgent*, Judge Aslan would prefer to schedule a continuation of the June 26th hearing before Judge Miller once he returns.") (emphasis added). Thus McFadden electing the later hearing date necessarily accepts his request "is not urgent." *Id.*

prejudice to the defendant does not outweigh the significant concerns about the defendant's flight should he be released.

11.    Finally, with respect to the fourth prong, there is a public interest in extending the stay to allow for a thorough review of the issues by the Court. Though the state charges were dismissed, there are still a list of violations that McFadden is accused of committing. The system relies on the utility of reintegration via supervised release and McFadden has blocked all efforts of Probation in his supervision. The public should be assured that the defendant will appear to address those violations. A full review of the factors show that detention is warranted in this matter.

12.    Accordingly, the *Nken* factors demonstrate that a stay is warranted and appropriate in this case. For the foregoing reasons, the government requests that the Court exercise its discretion and grant the Government's motion to stay pending further proceedings.

13.    If the Court extends the current stay as requested, the government would propose the scheduling of a hearing on the detention matter and the submission of parties' memoranda as early as Thursday, July 9, 2026. Alternatively, the government will abide by whatever schedule for review the Court wishes to impose.

*[LEFT INTENTIONALLY BLANK; CONTINUED ON FOLLOWING PAGE]*

For these reasons, the government respectfully moves pursuant to 18 U.S.C. § 3145(a)(1), for *de novo* review and revocation of the July 7, 2026, release Order issued in this case, and further moves to stay the July 7, 2026, release Order pending *de novo* review by this District Court.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    _____*/s/*_____
Gregory B. Conner
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. 1:15-cr-00622-GLR** |
| **ADRIAN MCFADDEN,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\***

## PROPOSED ORDER

Upon consideration of the government's motion for review of release order and motion to continue to stay release pending review

It is this day of July, 2026, ORDERED THAT:

1.      The motion to extend the stay is GRANTED;

2.      The motion setting conditions of release in the above-captioned matter is hereby STAYED pending further order of this Court and disposition of the government's motion for review of the order.

_____          _____
The Honorable George L. Russell, III                     Date
Chief United States District Judge