**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  1:15-cr-00622-GLR** |
| | : | |
| **ADRIAN MCFADDEN,** | : | |
| | : | |
| **Defendant** | : | |

**Opposition to Government's Motion to Review Release Order and Motion to Extend Stay of Release Order Pending Review**

Mr. McFadden opposes the government's request to extend the stay of the release order issued in this case on July 7, 2026.  A stay is not an automatic right, and the government cannot meet its burden for a continued stay.  Mr. McFadden further submits that a hearing on the government's request for review of Judge Miller's order is unnecessary.  US Probation has arranged for a bed at an inpatient facility (and transport) today at 11:30 a.m.

***Background Facts***

The parties appeared before Magistrate Judge Miller on Friday, June 26, 2026.  On that day, he issued an order of detention that allowed Mr. McFadden to seek relief if US Probation identified a suitable inpatient facility.  *See* ECF No. 114 (Detention Order).  US Probation identified that facility and arranged for Mr. McFadden's admission.  *See* ECF No. 117 (Defendant's Motion to Reopen Detention Hearing).  Upon learning of this development, the government lodged a novel objection.  *See* ECF No. 116 (Government's Opposition to Renewed Release Request).  It argued for the first time that 18 U.S.C. § 3143 provides no mechanism through which parties can reopen a detention hearing.

Learning of this objection, Judge Aslan's chambers expressed a preference that this matter return to Judge Miller.[1]  His chambers confirmed his availability on Tuesday, July 7, 2026, and the parties returned before him.[2]

At that hearing, Judge Miller explained the basis for his order and granted Mr. McFadden release.  He explained that his detention order stated that if a program was found to address US Probation's concerns, then he would very likely consider Mr. McFadden not to be a flight risk. Judge Miller also remarked that he was even more explicit on that point during the original hearing. In fact, he had requested Officer Galloway to find such a program—and he had invited the defense to file such a motion if one was found.  The availability of a bed in a program that addressed US Probation's concerns was the new fact on which he reopened the detention hearing.

Judge Miller credited the government with a novel argument—mainly, that detention hearings in the context of violation of supervised release proceedings cannot be reopened.  He acknowledged that neither Federal Rule of Criminal Procedure 32.1(a)(6) nor 18 U.S.C. § 3143 say anything about procedure and the conduct of a hearing.  Instead, he reasoned, those provisions provide a legal standard, standard of proof, and burden of proof.

Still, Judge Miller considered the issue from two different perspectives and found the government's argument unavailing. Absent any guidance on procedure, Judge Miller stated that the Court does what it thinks is best.  He found it was inconsistent with Congressional intent that

---

[1] The parties exchanged a series of emails with chambers on the morning of July 1, 2026, during which the government asserted its view that "there should not be a hearing" and undersigned counsel provided a summary of his argument in support of a hearing.

[2] Judge Miller had announced during the hearing on June 26, 2026, that he would be away the week of June 29th.  Oral Argument at 11:29:59, *United States v. McFadden*, No. 1:15-cr-00622-GLR (ECF No.113).

with new evidence mitigating flight and safety concerns the judicial officer would not release Mr. McFadden.  Plainly, that is inconsistent with the "shall" language in the statute.  § 3143(a)(1).

Alternatively, Judge Miller looked at the cross references within 18 U.S.C. § 3143(a)(1). In setting a legal standard, the statutory provision points to 18 U.S.C. § 3142(b) or (c).  That explicit cross reference to § 3142 is important—because that statute is the only one that talks about procedure in the context of a bail hearing.  Importantly, § 3142(f) allows for a reopened detention hearing.

Judge Miller did not expressly decide the issue of waiver.  But he also noted that the defense had raised it.  *See* ECF No. 117 ("At no point did the government raise a concern about the propriety of this Court reopening Mr. McFadden's detention hearing.")  If addressed, Judge Miller noted that the government's failure to raise a statutory argument at the June 26, 2026, hearing would have resulted in prejudice—because upon hearing it the defense would have asked for a continuance.

Against this background, Judge Miller reconsidered his order.  Despite its clear language and a satisfactory condition for release having been met, he heard the government's arguments for Mr. McFadden's detention.  The burden at this hearing remained on the defendant—as required by § 3143.  But ultimately, Judge Miller determined that the facility US Probation had located was sufficient to address concerns about flight and safety to the community.

At the hearing, the government requested a 24-hour stay of Judge Miller's order until Wednesday, July 8, 2026, at 11:30 a.m.  Judge Miller granted it over the objection of the defense— which pointed out that the government was unlikely to prevail on the merits of its argument.  The

defense also pointed out the harm caused if Mr. McFadden's bed at Mountain Manor disappeared.[3]

Finally, the defense noted the public policy interest in Mr. McFadden's rehabilitation—the central

objective of supervised release proceedings.  *See Esteras v. United States*, 606 U.S. 185, 186

(2025)("Supervised release…"is not a punishment in lieu of incarceration." *United States v.*

*Granderson*, 511 U. S. 39, 50, 114 S. Ct. 1259, 127 L. Ed. 2d 611 (1994). Rather, it "fulfills

rehabilitative ends" and "provides individuals with postconfinement assistance." *United States v.*

*Johnson*, 529 U. S. 53, 59-60, 120 S. Ct. 1114, 146 L. Ed. 2d 39 (2000).")

In response, the government represented that its appeal would "likely be filed tonight."

Instead of filing an appeal, the government now requests an extension of the stay order and a

briefing schedule.

The final violation of supervised release hearing is scheduled for Monday, July 13, 2026.

### *Legal Principles*

Judge Boardman recently summarized the standards governing the request for a stay.  She

noted that:

> "A request for a stay pending appeal is committed to the exercise of judicial
> discretion." Doe #1 v. Trump, 957 F.3d 1050, 1058 (9th Cir. 2020) (citing Virginian
> Ry. v. United States, 272 U.S. 658, 672, 47 S. Ct. 222, 71 L. Ed. 463 (1926)). Courts
> consider four factors when determining whether to stay an order pending appeal:
> "(1) whether the stay applicant has made a strong showing that he is likely to
> succeed on the merits; (2) whether the applicant will be irreparably injured absent
> a stay; (3) whether issuance of the stay will substantially injure the other parties
> interested in the proceeding; and (4) where the public interest lies." Nken v. Holder,
> 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (quoting Hilton v.
> Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). Of these
> factors, "[t]he first two . . . are the most critical." Id. The party seeking the stay
> bears the burden of showing that the circumstances justify an exercise of judicial
> discretion. Id. at 433-34.

---

[3] Mr. McFadden is due for admission today, July 8, 2026, at 11:30 a.m.

*See CASA, Inc. v. Trump*, DLB-25-0201, 2025 U.S. Dist. LEXIS 30524, at *4 (D. Md. Feb. 18, 2025).

Judge Chasanow, meanwhile, recently clarified the difference between appeals and reviews in the context of detention orders. She noted that:

> When a person is released by a magistrate judge, the Government may file a motion for revocation of a release order or for amendment of conditions of release under 28 U.S.C. § 3145(a). This is not an appeal; rather the movant is entitled to a de novo determination of the release decision. Subsection (c) provides for appeals under 28 U.S.C. § 1291 or 18 U.S.C. § 3731 and those appeals go to the court of appeals. And, while the determination must be de novo, an oral hearing is not necessary. The court may rely on the record before the magistrate judge and the written submissions of the parties. *United States v. Martin*, 447 F.Supp.3d 399, 402-03 (D.Md. 2020).

*United States v. Green*, 1:26-cr-00093-DKC (ECF No. 23) (D. Md. May 6, 2026).[4]

Insofar as the government aims to press its novel reading of § 3143, it is widely recognized that courts have "continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions." *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). Courts around the country have exercised this authority to reconsider detention orders issued under § 3143. *See United States v. Morris*, 452 F. Supp. 3d 484, 488 n.1 (N.D. Tex. 2020). Examples abound where:

> …courts have entertained pre-sentencing motions for release or to 'reconsider' § 3143 orders for post-conviction detention. *See, e.g., United States v. Cooper*, F.Supp.3d , 2020 U.S. Dist. LEXIS 58305, 2020 WL 1577852, at *21 (W.D.N.Y. Mar. 30, 2020) (considering motion for pre-sentencing release due to COVID-19 under § 3143(a)(1)); *United States v. Garivay*, No. CR-13-1070-PHX-SRB (LOA), 2013 U.S. Dist. LEXIS 176032, 2013 WL 6577320, at *2 (D. Az. Dec. 16, 2013) (reconsidering § 3143(a)(1) order of detention under same standard applicable to civil motions under Fed. R. Civ. P. 59(e)); *United States v. Vallone*, No. 04 C 372, 2008 U.S. Dist. LEXIS 91698, 2008 WL 4087879, at * 1 (N.D. Ill. Aug. 22, 2008) (treating motion for reconsideration of § 3143(a)(1) detention order as governed by

---

[4] The reference to 28 U.S.C. § 3145(a) seems to be a typographical error.

that provision); *see also United States v. Segovia Martinez*, No. CR-18-177-D, 2020 U.S. Dist. LEXIS 59112, 2020 WL 1666804, at *1 (W.D. Ok. Apr. 3, 2020) (reconsidering § 3143(a)(2) detention order) *United States v. Gietl*, No. 4:15-cr-122, 2016 U.S. Dist. LEXIS 47215, 2016 WL 1384782, at *1 (D. N. Dak. Apr. 7, 2016) (same); *United States v. Roberson*, No. 14-CR-0403(3)(PJS/FLN), 2015 U.S. Dist. LEXIS 90419, 2015 WL 4247046, at *1 (D. Minn. July 13, 2015) (same); *United States v. Lewis*, No. 12-60011-CR, 2013 U.S. Dist. LEXIS 5193, 2013 WL 140412, at *1 (S.D. Fla. Jan. 11, 2013) (same); *United States v. Jones*, No. 3:12-cr-26-WHB-LRA, 2011 U.S. Dist. LEXIS 159782, 2012 WL 12877850, at * (S.D. Miss. July 11, 2012) (same); *United States v. Bracken*, No. 1:11CR74, 2011 WL 4946197, at *1 (W.D.N.C. Oct. 18, 2011) (same); *United States v. Oliver*, No. 1:09 CR 535, 2010 U.S. Dist. LEXIS 136068, 2010 WL 5401435, at *1 (N.D. Ohio Dec. 23, 2010) (same); *United States v. Fisher*, 587 F.Supp.2d 635 (S.D.N.Y. 2008).

*Id.* at 488-489.[5]

### *Application*

Here, the government cannot show that it will prevail on the merits. Judge Miller entertained the government's arguments on two separate occasions—and found them unavailing. This Court is under no obligation to set a hearing for the purpose of hearing those arguments a third time. *See Green*, 1:26-cr-00093-DKC at *11 (In this motion for review, the Government relies on the same evidence that was proffered to the magistrate judge. It points to no evidence of conduct after issuance of the initial release order…The undersigned has made a de novo determination based on the record before the magistrate judge and the Government's additional evidence and concludes that it has not been shown by clear and convincing evidence that Mr. Green violated the release conditions nor is there probable cause to conclude that he has violated the law.)

---

[5] To be clear, Mr. McFadden can only be detained or released pursuant to § 3143(a)(1)—not (a)(2).

As Judge Miller explained on two occasions, Mr. McFadden underwent important psychological treatment that breaks the causal connection between his actions in February 2025 and his renewed desire to engage with treatment.  *See* ECF No. 97 (Sealed).

Additionally, the government cannot show that it will be irreparably injured in having Mr. McFadden housed at Mountain Manor pending a supervised release hearing that is set within five days.  Neither the government nor US Probation sought to revoke Mr. McFadden's probation until he was recently arrested—and the charge for which he was arrested has since been dismissed.  *See* ECF No. 106 (Initial Appearance).  He is facing a series of class C violations that center on his lack of engagement with treatment, issues arising from homelessness, and contacts with law enforcement (most of which did not lead to citations or arrests).  He wishes to engage with treatment—where he will also be housed.

Rehabilitation is the stated goal of a supervised release proceeding, and so, it is axiomatic that the public interest suffers the longer Mr. McFadden is away from treatment.  As time marches on, Mr. McFadden's bed at Mountain Manor may become unavailable.  US Probation informed Judge Miller that while it maintains a contract with Mountain Manor, the availability of beds depends on new arrests and admissions.

Judge Miller was well within his rights to write a conditional detention order—and alternatively to reconsider his prior ruling.  The government proffers nothing new in its submission.

### *Conclusion*

Mr. McFadden requests that this Honorable Court lift the order staying Judge Miller's release order, review the release order based on the papers before it, and that it further deny the government's request for detention.

7

Respectfully submitted,

JAMES WYDA
Federal Public Defender

        /s/
GABRIEL REYES
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email:  gabriel_reyes@fd.org