**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **Case No. 1:15-cr-622** |
| | * | **Hon. George Levi Russell, III** |
| **ADRIAN MCFADDEN,** | * | |
| | * | |
| ***Defendant*.** | * | |

*******

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned attorneys, submits this Sentencing Memorandum in advance of Defendant Adrian McFadden's revocation and sentencing hearing, scheduled for August 3, 2026.

### INTRODUCTION

The government recommends that this Court impose a term of imprisonment for McFadden's revocation of supervised release. There is no doubt that mental health ailments have played a major factor in McFadden's unlawful conduct over the years. But he is also a master manipulator, who says exactly what he needs to say to avoid any real consequence. Time and again, he has been shown leniency that failed to deter future bad conduct. The lack of a consequence let him know that he could simply repeat his behavior again without worrying of what would come as a result. As this Court weighs what will serve the goals of 18 U.S.C. § 3583(e), it should consider that leniency has not worked. He has refused mental health treatment at every turn, despite expressing interest in taking treatment seriously (when such expressions were to his advantage). So the government recommends a term of 24 months' incarceration, to meet the aims of deterrence, incapacitation, and reintegration.

## FACTUAL AND PROCEDURAL BACKGROUND

Eleven years ago, in 2015, McFadden was selling heroin, armed with a revolver loaded with hollow-point ammunition, right next to a children's playground. ECF 39 at 6. He was indicted federally for possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug-trafficking offense, distribution of a controlled substance, and possession of a firearm as a prohibited person. ECF 1. He pleaded guilty to possession with intent to distribute controlled substances and possession of a firearm as a prohibited person. ECF 35. McFadden's Guidelines were 151 to 188 months' imprisonment, ECF 39 at 22, but he received a sentence of 96 months, ECF 49 at 2.

After his release, there were several domestic abuse allegations, from March 24, 2026, May 14, 2024, March 5, 2023, and January 22, 2023, which all seem to have been dismissed due to the victim's refusal to speak with law enforcement. (ECF 72 at 2; Violation Report #1). Those led to stints of state incarceration and, though the state charges were dismissed, the accusations led to supervised release proceedings federally.

While on home confinement, McFadden requested leave to attend a religious service, and that request was granted. Kathleen Galloway, U.S. Probation, Notice of Apparent Violation and Request for Bail Review, 15-CR-622-GLR (Feb. 3, 2025)). Within 24 hours, he violated the release conditions by going to three unauthorized locations. *Id.* When McFadden had a bail review hearing for that violation, learning he may face a consequence, he fled the District Court building before a bail hearing, cut off his ankle monitor, and was in the wind for a month: "Mr. McFadden failed to appear in Court for his Bail Review hearing. He cut off his anklet at 9:27 and has absconded from supervision. … [T]his Officer received a call from Mr. McFadden's mother who advised that his

attorney told him he was going to jail and he had a panic attack and left the Courthouse. . . . His current whereabouts are unknown." (ECF 85 at 3).

McFadden ultimately admitted, ECF 132 at 1–2, to violations in a new Petition on Supervised Release, alleging that he failed to attend his February 2025 bail hearing as directed and that he possession crack cocaine, ECF 85 at 1–2. This Court imposed a time-served sentence, and admonished McFadden that this was his "last chance." ECF 132 at 34. When the government mentioned restitution for McFadden cutting of a $2,000 ankle monitor, ECF 132 at 14, 37, the Court said that the government could file something but it probably would not impose that cost on McFadden, ECF 132 at 37.[1]

On March 25, 2026, the Probation Office filed a petition on supervised release providing that defendant Adrian McFadden violated his terms of supervised release by committing a new criminal offense and failing to comply, in several ways, with his mental health and drug treatment program. The state case of domestic violence was dismissed when the victim refused to speak with law enforcement.

United States Magistrate Judge Douglas R. Miller initially detained McFadden. But in an irregular step, Judge Miller came up with his own release plan and forecasted that he would release McFadden if the defense and the Probation Officer found a new mental health facility. In evaluating his own release plan at a hearing, Judge Miller concluded that his plan satisfied the defense's burden. He did so despite the Probation Officer stating on the record that less than 1% of supervisees cut off their ankle monitor and that she had prior supervisees walk away from this

[1] When the Probation Officer requested that this Court include mental health treatment and mental health medication to the conditions, the Court confirmed that it would add those conditions, in compliance with *United States v. McLaurin*, 168 F.4th 693 (4th Cir. 2026). ECF 132 at 36–37. The Probation Officer prefaced the inquiry with mentioning that the underlying judgment included "substance abuse treatment, vocational, educational programming, and efforts to get a GED." *Id.* at 36. When asked, McFadden's counsel responded that he had no questions about the inclusion of those conditions. *Id.* at 37. So the McFadden received his oral notice of those conditions.

new facility. Seeing McFadden's case as an aberrationally high likelihood of flight, the government sought review of the release order, ECF 122, which this Court denied without explanation, ECF 124.[2] McFadden did the most predictable thing he could do—he walked away from the mental health facility. His whereabouts are currently unknown.

## ARGUMENT

### A. A sentence of 24 months' imprisonment is sufficient but not greater than necessary to meet the goals of the relevant 18 U.S.C. § 3553 considerations.

This Court should impose a sentence of 24 months in prison for McFadden's violations of supervised release. As the Fourth Circuit has explained, for supervised release sentencings, district courts must "explain[] the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation omitted). "[W]hen a defendant violates the conditions of his supervised release," "a court must consider . . . deterrence, incapacitation, and rehabilitation[], but may not consider . . . retribution." *Esteras v. United States*, 606 U.S. 185, 196 (2025). These considerations support a 24-month term of imprisonment.

#### 1. The Sentencing Guidelines' nonbinding Chapter Seven policy statements

The Guidelines policy statements provide:

> (a) In the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, **given the recommended range of imprisonment** set forth in §7C1.5 (Term of Imprisonment—Supervised Release (Policy Statement)).
>
> (b) **Any term of imprisonment** imposed upon the revocation of supervised release generally **should be ordered to be served consecutively** to any

[2] There were a large number of procedural missteps and oddities, errors in statutory interpretation, and other instances on which the government strenuously objected. They may not directly bear on McFadden's violations or § 3583(e), but suffice it to say the government does not agree with the defense's characterizations, ECF 123, of what transpired.

> sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.
>
> (c) If supervised release is revoked, **the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment**. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

USSG § 7C1.4, Policy Statement (emphasis added). Section (a) counsels that the sentencing court should consider the Guidelines range, which here is 8 to 14 months, which represents "the mine run of roughly similar [] cases." *Rita v. United States*, 551 U.S. 338, 359 (2007). Section (b) recommends that the revocation sentence should be consecutive to a state sentences because they seek to address different wrongs. *E.g.*, *United States v. Markley*, 607 F. App'x 476, 477 (6th Cir. 2015) (unpublished) (approving of district court rationale that supervision is "a matter of trust" and "a different interest than the interest of the state court in protecting citizens from assault. . .").

Read together, these policy statements militate in favor of the government's request. They indicate the Court should consider the Guidelines range and whether McFadden's situation is appropriately considered a mine-run case. The government believes that his history of recidivism, despite being given endless chances, places McFadden's case above the mine-run. More deterrence is needed in light of his history of receiving leniency and abusing the trust it represents. And though he faced time at the state level, that should not bear on his federal supervised release term because it seeks to address a different wrong. The state's interest in protecting domestic violence victims, which explains the state detention while that case was pending, is different than the violation of trust in federal court. He should not receive a discount for his time in state custody. The policy statements weigh in favor of a 24-month sentence.

**2. The applicable § 3553(a) factors**

A court contemplating a term of imprisonment upon revocation of supervised release must first consider the enumerated list of sentencing factors "set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The Supreme Court's *Esteras* decision prohibits courts from considering § 3553(a)(2)(A), "the need for the sentence imposed" "the seriousness of the offense, . . . respect for the law, and . . . just punishment for the offense." 606 U.S. at 193–94. The § 3583(e) factors that a court should consider support the government's request for an 24-month sentence.

McFadden's extensive history of receiving leniency has failed to deter his endless pattern of recidivism. Nothing in his numerous convictions or admonishments has served the goal of deterrence as the Supreme Court instructs courts to consider for supervised release sentences. *Esteras*, 606 U.S. at 196. As Probation Officer Galloway will tell the Court, McFadden has prevented the Probation Office from supervising him every chance he gets. A year ago he was making the same plea that this was primarily a mental health issue and once that is addressed, he will return to being a law-abiding citizen. ECF 132 at 25–30. But he has refused any and all mental health treatment at multiple facilities, he refuses mental health medication, and now he has fled his most recent mental health facility. McFadden does what he wants without regard to any condition imposed upon him. Deterrence, incapacitation, and rehabilitation militate in favor of a 24-month sentence.

For the reasons stated above, the government requests that this Court impose a sentence of 24 months.

## CONCLUSION

Last summer, McFadden gave the Court a promise: “I guarantee you, this is going to be the last time seeing me.” ECF 132 at 37. That may be true, though not in the way everyone thought McFadden meant it.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/
Gregory B. Conner
Assistant United States Attorney